**TRANSFER / JS-6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9077-GW-JCx | Date | January 21, 2021 |
|---|---|---|---|
| Title | *Joshua Grossman v. One Technologies LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Veronica Cruz | Bryan J. Weintrop |

**PROCEEDINGS:** TELEPHONIC HEARING ON DEFENDANT ONE TECHNOLOGIES, LLC'S MOTION TO DISMISS [12]

Court and counsel confer. The Court's Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' Motion (construed as a motion to transfer) is GRANTED and the matter is transferred to the United States District Court, Northern District of Texas.

|  | : | 01 |
|---|---|---|
| Initials of Preparer | JG | |

<u>*Joshua Grossman v. One Technologies LLC, et al.*</u>; Case No. 2:20-cv-09077-GW-(JCx)
Tentative Ruling on Motion to Dismiss [Construed as a Motion to Transfer Venue]

### I.     Background

Plaintiff Joshua Grossman sued Defendant One Technologies LLC for violations of California Business and Professions Code section 17529.5 arising from unsolicited emails.  *See generally* Complaint, Docket No. 1-1.  Plaintiff seeks statutory damages of $1,000 per email, attorneys' fees and costs, and an order requiring Defendant to turn over all profits from unlawful emails directed to California residents to the Unfair Competition Law Fund.  *See id.* at 21-22.

Plaintiff is an individual residing in California.  *See id.* ¶ 18.  Defendant is a Delaware limited liability company with its principal place of business in Dallas, Texas.[1]  *Id.* ¶ 24.  Plaintiff alleges that Defendant sent at least forty-five unsolicited commercial emails ("spam") to Plaintiff's California email address beginning in September 2019.  *See id.* ¶ 5.  The spam emails purportedly contained third-party domain names without the third parties' permission, and contained falsified, misrepresented, or forged header information, such as "from names" with untraceable domain names which made the sender's identity difficult to ascertain.  *See id.* ¶¶ 6-8.  The spam emails also contained subject lines likely to mislead recipients regarding the content of the emails.  *See id.* ¶ 9.  Defendant allegedly used the third-party domain names to trick recipients into opening the emails and purchasing Defendant's products and/or services.  *See id.* ¶ 60.  Plaintiff never gave direct consent to receive these commercial email advertisements, and did not have a preexisting or current business relationship with Defendant.  *See id.* ¶ 12.  Plaintiff "ordinarily accesse[d]" the email account to which Defendant sent the spam emails on a computer located in California.  *See id.* ¶¶ 19-21.

Defendant allegedly hired or worked with third parties to send numerous spam emails to California residents, including Plaintiff, to advertise Defendant's products and/or services.  *See id.* ¶ 34.  The emails advertised credit score reporting services offered by Defendant at the website freescore360.com.  *See id.* ¶ 43.  The emails allegedly contained remote images and

---

[1] Defendant alleges that:

> One Technologies has been (and is) a Delaware limited liability company headquartered in Dallas, Texas. One Technologies' principal place of business has been (and is) in Texas, and not California. One Technologies' members are all individuals domiciled in Texas. None of its members are domiciled in California.

*See* Notice of Removal, Docket No. 1, ¶ 4.

hyperlinks that allowed Defendant and its marketing affiliates to collect "click reports" which aggregated data when recipients opened the emails or clicked the hyperlinks. *See id.* ¶ 38. The click reports allowed Defendant and its marketing affiliates to review the IP addresses of those who clicked on the hyperlinks, including their location in California. *See id.* Defendant and its marketing affiliates thereby availed themselves of California's benefits and protections, and knowingly targeted and/or transacted business with California residents. *See id.*

Plaintiff brought suit in Los Angeles Superior Court on August 25, 2020, and Defendant removed the case to the Central District of California on October 2, 2020. *See* Notice of Removal, Docket No. 1, ¶ 1, Exh. 1. Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. *See* Motion to Dismiss, Docket No. 12. Plaintiff filed a notice of non-opposition requesting that the Court transfer this case to the Northern District of Texas under 28 U.S.C. § 1404(a) or dismiss the case without prejudice on the condition that Defendant waive a statute of limitations defense, as it appeared that Plaintiff intended to refile the case in an alternative forum. *See* Notice of Non-Opposition, Docket No. 15. Defendant filed a response to Plaintiff's notice of non-opposition, stating it did not oppose transfer of this litigation to the Northern District of Texas, but "otherwise reserves all rights." *See* Response to Notice of Non-Opposition, Docket No. 16.

On December 16, 2020 the Court issued a minute order stating it was inclined to construe the instant motion as a motion to transfer venue, in light of Plaintiff's request to transfer the case under 28 U.S.C. § 1404(a) and Defendant's consent to the transfer. *See* Docket No. 17. The Court requested that the parties provide supplemental briefing as to the basis for transfer, and continued the hearing on the motion to January 21, 2021. *See id.* Plaintiff filed a supplemental brief on January 5, 2021, *see* Supplemental Brief, Docket No. 18, and Defendant filed a response on January 14, 2021. *See* Response to Plaintiff's Supplemental Brief ("Response"), Docket No. 19.

## II.    Legal Standard

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. 1404(a). In deciding a Section 1404(a) motion, courts also "must evaluate both the convenience of the parties and the various public-interest considerations . . .

and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62-63 (2013) (quotations omitted); 28 U.S.C. § 1404(a). Despite the fact that Section 1404(a) only expressly defines three factors – the convenience of the parties, the convenience of witnesses, and the interest of justice – the Ninth Circuit has noted that district courts can consider other public and private interest factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). In addition, a district court may consider factors including (9) relative court congestion, (10) "the local interest in having localized controversies decided at home," and (11) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (quotations omitted). "Although section 1404(a) sets no limit on the time at which a transfer motion may be made, the passage of time is a factor to be considered." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 500 (C.D. Cal. 1981).

A court has broad discretion to decide a motion to transfer venue because the analysis is "flexible and individualized." *See Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The moving party bears the burden in demonstrating that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1155 (S.D. Cal. 2005).

### III. Discussion

Plaintiff argues that the Court should transfer this matter to the Northern District of Texas because (1) venue is proper in the transferor district; (2) venue is proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice. *See* Supplemental Brief at 5-7 (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992)).

   A. <u>Whether Venue is Proper in the Central District of California</u>

The parties do not dispute that venue is proper in the Central District of California. *See* Supplemental Brief at 6; *see generally* Notice of Removal. The Court would find that venue is proper in this district, as Defendant properly removed the matter from the Los Angeles Superior Court. *See generally* Notice of Removal; *see also* Phillips & Stevenson, *Federal Civil Procedure Before Trial, California and 9th Circuit Editions* ("Phillips & Stevenson"), § 4:394 (The Rutter Group 2020) ("In actions removed from state court, venue is *automatically proper* in the federal district court located where the state action was pending. It is immaterial that venue would not have been proper if the action had been brought initially in that district."); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) ("Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'"); 28 U.S.C. § 1390 (stating that the general venue statute "shall not determine the district court to which a civil action pending in a State court may be removed").

B. <u>Whether Venue is Proper in the Northern District of Texas</u>

The parties also agree that venue is proper in the Northern District of Texas. *See* Supplemental Brief at 6-7; Response at 1. Defendant states that venue is proper there under 28 U.S.C. § 1391 because Defendant resides in that jurisdiction and is the only defendant in the litigation.[2] *See* Response at 1. Venue is proper under 28 U.S.C. § 1391 if it is:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Defendant appears to argue that it "resides" in the Northern District of Texas because its

---

[2] Defendant "submits that 28 U.S.C. § 1391(a) applies because this Court's jurisdiction 'is founded only on diversity of citizenship.'" *See* Response at 1. However, Defendant erroneously cites an older version of the statute, which was amended in 2011 to eliminate the distinction between venue standards in diversity and federal question cases. *See* Pub. L. 112-63, § 202(1) (rewriting 28 U.S.C. § 1391(a) & (b)); Phillips & Stevenson, § 4:191 ("At one time, there were slightly different venue standards in diversity and federal question cases. Code amendments now apply the general venue statute in a unitary fashion to all such actions. [28 U.S.C. § (b)(1)-(3) (eff. as to all actions commenced on or after 1/6/12)]."). Nevertheless, the relevant post-amendment language is substantially the same.

4

principal place of business is in Dallas, Texas.  *See* Response at 1 (citing Complaint ¶ 24).  For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ."  28 U.S.C. 1391(c)(2).  This statute applies to LLC defendants.  *See Monster Energy Co. v. Martin*, No. ED CV 17-01677-AB (SHKx), 2017 WL 10434400, at *2 (C.D. Cal. Nov. 30, 2017).  Defendant has its principal place of business in Texas.  *See* Declaration of Astra Zittlau in Support of Motion to Dismiss ("Zittlau Decl."), Docket No. 12-2, ¶ 2.[3]  All of Defendant's members are Texas residents.  *See id.*  Defendant operates out of Dallas, Texas.  *See id.* ¶ 3.  Further, Defendant's executives and employees are all located in Dallas, Texas, and Defendant provides all of its services from Dallas, Texas.  *See id.* ¶¶ 4, 6.  As such, it appears that Defendant is "at home" in Texas for purposes of general personal jurisdiction.  *See Goodyear*, 564 U.S. at 924 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home" (citing Brilmayer et al., A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 728 (1988) ["identifying domicile, place of incorporation, and principal place of business as 'paradig[m]' bases for the exercise of general jurisdiction"]).); *Daimler AG v. Bauman*, 571 U.S. 117, 137-139 (2014) (applying same analysis to determine whether defendant Mercedes-Benz USA, LLC's place of incorporation and principal place of business rendered it essentially "at home" in California, even though Mercedes-Benz USA was an LLC rather than a corporation).

Accordingly, because Defendant is subject to personal jurisdiction in Texas, and because personal jurisdiction exists statewide, the Court would find that Defendant resides in the Northern District of Texas for venue purposes.  *See Monster Energy Co.*, 2017 WL 10434400, at *2 ("Because the LLCs are citizens of the State of California, it follows that they are subject to personal jurisdiction in any district in California, including the Central District.").  Venue

---

[3] The Court notes an inconsistency between Defendant's Notice of Removal, which states that Defendant "has been (and is) a <u>Delaware</u> limited liability company headquartered in Dallas, Texas," *see* Notice of Removal ¶ 4, and Defendant's Motion to Dismiss, which states that Defendant "is a <u>Texas</u> limited liability company with its principal place of business located in Dallas, Texas."  *See* Motion to Dismiss at 2; Zittlau Decl. ¶ 2.  This distinction does not alter the Court's analysis on balance, as the Court still would find that Defendant "is fairly regarded as at home" in Texas.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (a corporation is "fairly regarded as at home" in a place equivalent to an individual's domicile).  However, the Court would request that Defendant explain this inconsistency at the hearing.

5

therefore is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1).

C. <u>Whether Transfer Would Serve the Convenience of the Parties and Promote the Interests of Justice</u>

Finally, the parties agree that transfer to the Northern District of Texas would serve the convenience of the parties and promote the interests of justice. *See* Supplemental Brief at 7; Response at 1.

Plaintiff correctly notes that transfer would not cut against his choice of forum, because while he initially filed this case in California, he is the party moving to transfer. *See* Supplemental Brief at 7.

As for convenience, Plaintiff notes that "Defendant is involved in a similar matter with another plaintiff in the Northern District of Texas that was transferred from California on a similar set of facts as this case" and therefore transferring this matter would allow both parties to litigate the parallel cases in the same district. *See id.* at 7-8. Defendant has attached to its response the order transferring the similar case – brought by the same attorneys representing Plaintiff in this case – from the Central District of California to the Northern District of Texas.[4] *See* Response at 2, Exh. 1. Plaintiff states that "[t]ransfer would not make litigation more inconvenient for Plaintiff" given the widespread use of video technology in conducting discovery and court proceedings, and that transfer "thus would not increase travel time and costs." *See* Supplemental Brief at 8. Further, all of Defendants' witnesses are located within the Northern District of Texas. *See* Response at 1. Most of Plaintiff's witnesses appear to work or reside in Texas, as they are Defendant's employees. *See* Supplemental Brief at 9. Accordingly, the Court would find that the convenience of the parties and witnesses favor transfer.

Plaintiff also contends that ease of access to evidence favors transfer, because "the most relevant documents and materials are likely to be in the Northern District of Texas." *See id.* at 10. Plaintiff describes relevant documentary evidence at issue, including "Defendant's corporate policy that dictates the types of customers One Technologies [markets by] using spam emails" and "Defendant's policy regarding its marketing methods and the use of third parties to market its products." *See id.* Plaintiff states that the events underlying his claims "were initiated in Dallas, Texas, as that is the location of Defendant's headquarters where business decisions and policies and procedures are implemented." *See id.* Defendant also states that all its relevant

---

[4] *See Aaron Hicks v. One Technologies, LLC et al.,* Case No. 8:20-cv-01856-DOC-DFM, Docket No. 17.

documents are located within the Northern District of Texas.  *See* Response at 1.  While this factor is not as compelling as the convenience of the parties and witnesses, the Court would find that ease of access to evidence favors transfer.

Finally, Plaintiff contends that the "remaining factors are either neutral or favor transfer." *See* Supplemental Brief at 10.  Plaintiff posits "there is little evidence that either district is more favorable than the other" with respect to familiarity with Plaintiff's claims, feasibility of consolidation, and relative court congestion.  *See id.*  Defendant does not address any of the remaining factors.  *See generally* Response.  The Court does not find that any of the remaining potential factors in this analysis weigh against transferring the case to the Northern District of Texas, especially in light of the parallel proceeding litigated by the same counsel that has already been transferred there.  *See id.* Exh. 1.

As such, the Court would find that transfer would serve the convenience of the parties and the interests of justice.

**IV.**     **Conclusion**

Based on the foregoing discussion, the Court would **GRANT** the motion and transfer the matter to the Northern District of Texas.